IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLDE CAPITOL HILL COUNCIL, INC. d/b/a CALLE DOS CINCO IN HISTORIC CAPITOL HILL, an Oklahoma nonprofit corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ROGELIO ALMEIDA, an individual,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.　　This action arises from Defendant Rogelio Almeida's wrongful seizure and misuse of a FilmFreeway account that, since 2021, has served as the public-facing digital home of the Oklahoma Cine Latino Film Festival—an event created, owned, and operated by Plaintiff Olde Capitol Hill Council, Inc. DBA Calle Dos Cinco in Historic Capitol Hill ("Plaintiff" or "Calle Dos Cinco").

2.　　After his relationship with Calle Dos Cinco ended and after Calle Dos Cinco expressly revoked any authorization to access or control its FilmFreeway account, Rogelio Almeida refused to return the FilmFreeway account, renamed it under his newly formed "Oklahoma Latin American Film Festival," and began using Calle's 11-year festival history, awards, and submission data to promote his new event as though it were a continuation of Calle Dos Cinco's long-standing festival.

3.　　By continuing to access, alter, and control the FilmFreeway account after authorization was revoked—and by exceeding the limited authority once granted to him—

Defendant violated the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and Oklahoma law governing conversion and deceptive trade practices. Calle Dos Cinco seeks injunctive relief restoring its digital property, as well as compensatory damages and other relief.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Computer Fraud and Abuse Act.

5. The Court has supplemental jurisdiction over the related Oklahoma state-law claims under 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Oklahoma City, Oklahoma.

## PARTIES

7. Plaintiff Calle Dos Cinco in Historic Capitol Hill ("Calle Dos Cinco") is an Oklahoma nonprofit corporation based in Oklahoma City.

8. Defendant Almeida ("Defendant") is an individual residing in Oklahoma County who formerly volunteered with and assisted in operating the Oklahoma Cine Latino Film Festival on behalf of Calle Dos Cinco.

## FACTUAL BACKGROUND

9. For more than a decade, Calle Dos Cinco produced the Oklahoma Cine Latino Film Festival ("the OKCINE Festival") with the help of sponsors, partners, and volunteers.

10. In 2021, to manage film submissions and communications, Calle Dos Cinco opened and maintained an account with FilmFreeway, which contained film submission data,

contact lists, and historical awards, among other valuable data and documentation ("the OKCINE FilmFreeway Account").

11. While assisting with the OKCINE Festival, Defendant was granted limited access credentials to manage the OKCINE FilmFreeway Account on Calle Dos Cinco's behalf.

12. On June 4, 2025, Calle Dos Cinco officially terminated Almeida's relationship and demanded that he return the OKCINE FilmFreeway Account. Calle Dos Cinco's June 4, 2025, letter formally terminated Almeida's relationship and demanded that he immediately transfer the OKCINE FilmFreeway Account, OKCINE social-media accounts, OKCINE email accounts and related digital property to Calle Dos Cinco. This correspondence expressly revoked any authorization for Almeida to continue accessing or altering those accounts. The June 4, 2025, letter is enclosed as Exhibit 1.

13. Defendant refused to transfer the OKCINE FilmFreeway account credentials back to Calle Dos Cinco and instead changed Calle Dos Cinco's account name to "Oklahoma Latin American Film Festival," altered credentials, and used Calle Dos Cinco's 11-year history and data to promote his new festival both without authorization and in excess of any prior limited authority.

14. The FilmFreeway listing once branded OKCINE and owned by Calle Dos Cinco now falsely represents Defendant's new, unaffiliated festival as "11 Years Running" using Calle Dos Cinco's prior history.

15. These actions deprived Calle Dos Cinco of control over its account, damaged its reputation, and caused substantial economic and goodwill losses.

## CLAIMS FOR RELIEF

### COUNT I
### (Computer Fraud and Abuse Act (18 U.S.C. § 1030))

16. Plaintiff incorporates by reference the preceding paragraphs.

17. FilmFreeway's servers constitute a "protected computer" under 18 U.S.C. § 1030(e)(2)(B).

18. Defendant intentionally accessed that protected computer after his authorization had been terminated (without authorization) and, in the alternative, used that access to obtain and alter information in the account that he was not entitled so to obtain or alter (exceeding authorized access) within the meaning of 18 U.S.C. § 1030(e)(6).

19. Defendant obtained information and things of value, including submission histories, contact lists, and goodwill, and altered that information to misrepresent ownership and affiliation.

20. Defendant acted knowingly and with intent to defraud by misrepresenting the account as belonging to his own festival, thereby misleading filmmakers, sponsors, and the public.

21. As a direct result, Calle Dos Cinco suffered damage and loss within the meaning of 18 U.S.C. § 1030(c)(4)(A)(i), including loss of data integrity, interruption of service, and investigative and remedial costs exceeding $5,000, and is entitled to compensatory and injunctive relief under § 1030(g).

## COUNT II
### (Oklahoma Deceptive Trade Practices Act (78 O.S. § 51 et seq.)

22.  Plaintiff incorporates by reference the preceding paragraphs.

23.  By rebranding the FilmFreeway Account and representing his festival as a continuation of the 11-year Oklahoma Cine Latino Film Festival, Defendant misrepresented the source, sponsorship, and affiliation of his services, violating 78 O.S. § 53(A)(2) Defendant's conduct also constitutes passing off and false representation of origin, creating confusion as to sponsorship, in violation of 78 O.S. § 53(A)(1) – (5).

24.  Calle Dos Cinco has been injured by these deceptive acts, including loss of goodwill and reputation.

25.  Under 78 O.S. § 54(B), Calle Dos Cinco seeks injunctive relief, attorneys' fees, and costs.

## COUNT III
### (Conversion)

26.  Plaintiff incorporates by reference the preceding paragraphs.

27.  Calle Dos Cinco owns the FilmFreeway Account and its associated data.

28.  Defendant wrongfully exercised control and refused to return the account.

29.  Calle Dos Cinco has suffered economic and reputational damages and seeks compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Issue a preliminary and permanent injunction requiring Defendant to transfer the FilmFreeway Account and cease unauthorized use;

B. Award compensatory and punitive damages;

C. Award attorneys' fees and costs as permitted by law;

D. Order Defendant to provide a full accounting of any profits, entries, or fees received through the misappropriated FilmFreeway Account; and

D. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

s/ Michael McClintock
Michael D. McClintock, OBA No. 18105
Elizabeth L. Isaac, OBA No. 31618
Spencer Fane LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email: mmcclintock@spencerfane.com
**ATTORNEYS FOR PLAINTIFF CALLE DOS CINCO IN HISTORIC CAPITOL HILL**

**JURY DEMAND REQUESTED**